IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02129-PAB

JESSE ZACHARY,

    Plaintiffs,

v.

M.D. ZACHARY ENGLEBIRD,
PSYCHIATRIST DR. WALSCH,
MEDICAL PROVIDER DANIEL REED,
MEDICAL PROVIDER DENISE SEARLS,
MEDICAL PROVIDER MS. ROGERS, and
MENTAL HEALTH THERAPIST JERI SCOLLARD,

    Defendants.

## ORDER

    This matter is before the Court on plaintiff's Motion to Request Court to Order Fremont Correctional Facility to Cease Any Activity Classifiable as "Retaliation" [Docket No. 23]. Magistrate Judge Kristen L. Mix construed plaintiff's motion as a preliminary injunction, Docket No. 24, and this matter was reassigned to this Court pursuant to D.C.COLO.LCivR 40.1. Docket No. 25. In light of plaintiff's *pro se* status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    Plaintiff is an inmate at the Fremont Correctional Facility ("FCF") in Cañon City, Colorado. Docket No. 1 at 2. Plaintiff requests that the Court direct "F.C.F. Medical to continue chronic pain care," "psychiatry to continue the present P.T.S.D. care," and the

"F.C.F. mailroom to cease retaliatory [sic] actions."  Docket No. 23 at 1.

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 US. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).  "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted).  Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989), "is the exception rather than the rule."  *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

Although the Court construes plaintiff's filings liberally, plaintiff must still must allege sufficient facts to establish that he is properly entitled to relief.  *See Hall*, 935 F.2d at 1110.  Plaintiff's motion fails to fail to do this.  Plaintiff makes no attempt to satisfy any of the four factors required for a preliminary injunction to issue.  See *RoDa Drilling Co.*, 552 F.3d at 1208.  Plaintiff's motion is vague, conclusory, and devoid of supporting factual allegations.  Plaintiff does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction

is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest.  Therefore, the motion for a preliminary injunction will be denied.  Accordingly, it is

**ORDERED** that plaintiff's Motion to Request Court to Order Fremont Correctional Facility to Cease Any Activity Classifiable as "Retaliation" [Docket No. 23], construed as a motion for a preliminary injunction, is **DENIED**.

DATED January 24, 2022.

BY THE COURT:

_____

PHILIP A. BRIMMER
Chief United States District Judge