IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02129-PAB

JESSE ZACHARY,

    Plaintiffs,

v.

M.D. ZACHARY ENGLEBIRD,
PSYCHIATRIST DR. WALSCH,
MEDICAL PROVIDER DANIEL REED,
MEDICAL PROVIDER DENISE SEARLS,
MEDICAL PROVIDER MS. ROGERS, and
MENTAL HEALTH THERAPIST JERI SCOLLARD,

    Defendants.

---

# ORDER

---

This matter is before the Court on plaintiff's Motion: Requesting Preliminary Injunctive Relief [Docket No. 32]. In light of plaintiff's *pro se* status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Plaintiff is an inmate at the Fremont Correctional Facility ("FCF") in Cañon City, Colorado. Docket No. 1 at 2. Plaintiff previously filed a Motion to Request Court to Order Fremont Correctional Facility to Cease Any Activity Classifiable as "Retaliation" [Docket No. 23], wherein he requested that the Court direct "F.C.F. Medical to continue chronic pain care," "psychiatry to continue the present P.T.S.D. care," and the "F.C.F. mailroom to cease retalliatory [sic] actions." Docket No. 23 at 1. The Court construed

that motion as a motion for preliminary injunction and denied the motion for failure to satisfy any of the four factors required for a preliminary injunction to issue. Docket No. 26 at 2–3. Plaintiff now requests that the Court order FCF to "release [him] from [his] Incentive Cell House obligation to volunteer as a kitchen worker." Docket No. 32 at 1.[1]

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 US. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

Although the Court construes plaintiff's filings liberally, plaintiff must still must

---

[1] Plaintiff also filed a letter detailing retaliation that he claims to have faced after the Court denied his previous preliminary injunction motion. Docket No. 31. Plaintiff, however, has not filed a retaliation claim and does not ask for any specific relief in that letter, which concerns separate issues from his request to be released from kitchen work. *Id.*

allege sufficient facts to establish that he is properly entitled to relief. *See Hall*, 935 F.2d at 1110. Plaintiff states that two-and-a-half years ago he worked in the kitchen and that "[t]here was [sic] noises in there that sounded like gunfire, artillery, and jet fighter; and also dozens of muffled inaudible voices, like you hear in the military." Docket No. 32 at 1–2. He states that he "fought for months to get out of [the kitchen]" and was "screaming in [his] sleep every night[,] and it was a daily battle not to commit suicide." *Id.* at 2. He states that, "[a]fter months out of the kitchen[, he] no longer fought the temptation of suicide" and that being released from kitchen duties would "continue that success." *Id.* Plaintiff also claims that, if he is made to go back to the kitchen, he could face irreparable harm of the risk of suicide. *Id.* He states that there is other work he could do at the facility and that there are other inmates who could work in the kitchen and that it is in the public interest for him to make it through his incarceration and "return to society as a sane, productive citizen." *Id.* at 2–3.

Plaintiff, however, has failed to show that he is clearly and unequivocally entitled to the extraordinary remedy of a preliminary injunction, *see Beltronics*, 562 F.3d at 1070, because he makes no attempt to show that he is likely to succeed on the merits of his claim or that the balance of equities tips in his favor. *See RoDa Drilling Co.*, 552 F.3d at 1208. Although plaintiff mentions in his letter that he was assigned "volunteer work" in the kitchen the day after the Court denied his previous preliminary injunction motion, *see* Docket No. 31 at 2, he does not demonstrate a substantial likelihood of prevailing on the merits of his claim to be released from kitchen work, or that his threatened injuries outweigh whatever damage the proposed injunction may cause the

3

opposing party.  Therefore, the motion for a preliminary injunction will be denied.[2]

Accordingly, it is

      **ORDERED** that plaintiff's Motion: Requesting Preliminary Injunctive Relief [Docket No. 32] is **DENIED**.


      DATED March 1, 2022.

                                      BY THE COURT:

                                      PHILIP A. BRIMMER
                                      Chief United States District Judge

---

[2] In his amended complaint, plaintiff states that the noises of the kitchen trigger his post-traumatic stress disorder and that he requested to be kept out of the kitchen. *See* Docket No. 11 at 10–12.  To the extent the relief that plaintiff seeks in his preliminary injunction motion exceeds the relief that he requests in his complaint because he is now working in the kitchen, plaintiff's motion is improper.  *See Hoeck v. Miklich*, No. 13-cv-00206-PAB-KLM, 2015 WL 4979843, at *2 (D. Colo. Aug. 20, 2015) (noting that a "[p]laintiff's complaint defines the claims at issue," and a plaintiff "may not expand the scope of the complaint through a motion for injunctive relief"); *cf. Occupy Denver v. City & Cnty. of Denver*, No. 11-cv-03048-REB-MJW, 2011 WL 6096501, at *3 (Dec. 7, 2011) (not proper or equitable for plaintiff to expand the scope of claims through evidence not specified in complaint).