IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 21-cv-02129-PAB-KLM

JESSE L. ZACHARY,

    Plaintiff,

v.

ZACHARY ENGLEBIRD, M.D.,
JERI SCOLLARD, mental health therapist,
MELISSA ROGERS, medical provider,
MICHAEL WALSH, psychiatrist,
FREDERICK MILLER, psychiatrist, and
GUTIERREZ, C.H. - 8 Sgt.

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on plaintiff's Motion for Request of Preliminary Injunction [Docket No. 128]. In light of plaintiff's *pro se* status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Plaintiff is an inmate at the Fremont Correctional Facility ("FCF") in Cañon City, Colorado, Docket No. 122 at 4, which is part of the Colorado Department of Corrections. Plaintiff previously filed two motions for a preliminary injunction. *See* Docket Nos. 23, 32. On January 5, 2022, plaintiff filed a Motion to Request Court to Order Fremont Correctional Facility to Cease Any Activity Classifiable as "Retaliation," Docket No. 23, wherein he requested that the Court direct "F.C.F. Medical to continue chronic pain

care," "psychiatry to continue the present P.T.S.D. care," and the "F.C.F. Mailroom to cease retalliatory [sic] actions." *Id*. at 1.  The Court construed that motion as a motion for a preliminary injunction and denied the motion for failure to satisfy any of the four factors required for a preliminary injunction.  Docket No. 26 at 2-3.  On February 25, 2022, plaintiff filed a Motion Requesting Preliminary Injunctive Relief, Docket No. 32, wherein he requested that the Court order FCF to "release [him] from [his] Incentive Cell House obligation to volunteer as a kitchen worker." *Id*. at 1.  The Court denied the motion for failure to demonstrate that plaintiff was likely to succeed on the merits of his claim and that the balance of equities tipped in his favor.  Docket No. 33 at 3-4.  Plaintiff now requests that the Court issue a preliminary injunction against "P.A. Neal Bourjaily and all providers employed by Correctional Health Partners to restart all pain management treatments, to include previously doctor authorized cort[isone] shots, Decadron Pamelor, Cymbalta, Lidocain patches, Mobic, [and] Bentyl."  Docket No. 128 at 10.

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 US. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).  "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  *Beltronics USA, Inc. v. Midwest Inventory Distribution*, *LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v.*

*Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

Plaintiff seeks an injunction against "P.A. Neal Bourjaily and all providers employed by Correctional Health Partners." Docket No. 128 at 10. Plaintiff alleges that medical provider Melissa Rogers "intentionally discontinued" his pain treatment medication, including cortisone shots and steroids, in retaliation for filing a civil lawsuit against her. *Id*. at 2-3. Plaintiff states that Ms. Rogers has been "removed from practice" by the Department of Corrections, but her "replacement" P.A. Neil Bourjaily has "doubled down on Correctional Health Partners['] practice of intentionally inflicting pain on any inmate who files a civil rights lawsuit against any employee of Correctional Health Partners." *Id*. at 4. Plaintiff alleges that Mr. Bourjaily has refused to allow the cortisone shots or steroid pills previously granted by two doctors and Mr. Bourjaily also took away additional medications for pain, including "Mobic," "Bentyl," "Pamelor," "Cymbalta," and inhalers. *Id*. at 4-5. Plaintiff alleges that the lack of medication has caused severe pain and loss of sleep as well as increased Post Traumatic Stress Disorder ("PTSD") episodes and epileptic seizures. *Id*. at 3. Plaintiff states that Mr. Bourjaily "is intentionally inflicting pain because of the lawsuit." *Id*. at 5.

Plaintiff's request for a preliminary injunction is deficient for two reasons. First, an injunction can only bind "the parties[,]. . . the parties' officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or

participation" with others bound by the injunction. Fed. R. Civ. P. 65(d)(2). Plaintiff filed a fourth amended complaint on November 22, 2022. Docket No. 122. Mr. Bourjaily and Correctional Health Partners are not parties to the lawsuit. *See id.*[1] Plaintiff does not allege that Mr. Bourjaily is the officer or employee of any named defendant or that he is acting in concert with the named defendants. *See generally* Docket No. 128; *see also* Fed. R. Civ. P. 65(d)(2); *Dobler v. Schwartz*, No. 21-cv-01509-PAB-NRN, 2022 WL 1303066, at *1 (D. Colo. Apr. 29, 2022) (denying motion for preliminary injunction because the individual named in the motion was not a party to the lawsuit). Even if the Court found a basis to grant injunctive relief in favor of plaintiff, that relief would not bind Mr. Bourjaily.

Second, in order to obtain a preliminary injunction, the moving party "must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Little*, 607 F.3d at 1251 (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *see also Ala. v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("[I]njunctive relief must relate in some fashion to the relief requested in the complaint."). "When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction." *Means v. Lambert*, 2008 WL 483606, at *1 (W.D. Okla. Feb. 20, 2008). Plaintiff's motion seeks a preliminary injunction against "P.A. Neal Bourjaily and all providers employed by Correctional Health Partners to restart all pain management

---

[1] Ms. Rogers is a party to the lawsuit in her individual capacity and is employed by Correctional Health Partners, *see id*. at 5; however, plaintiff does not request a preliminary injunction against Ms. Rogers. *See generally* Docket No. 128. Plaintiff states that Ms. Rogers has been "removed from practice" by the Department of Corrections. *Id*. at 4.

treatments, to include previously doctor authorized cort[isone] shots, Decadron Pamelor, Cymbalta, Lidocain patches, Mobic, [and] Bentyl."  Docket No. 128 at 10. Plaintiff fails to indicate how the scope of the injunction he seeks falls within the scope of his fourth amended complaint, filed on November 22, 2022.  *See generally id*; Docket No. 122.  The fourth amended complaint asserts two claims for deliberate indifference under the Eighth Amendment: 1) the medical professionals failed to grant plaintiff a medical exception from kitchen work for three years, exacerbating his PTSD; and 2) the doctors refused to fix his spinal and shoulder injuries.  Docket No. 122 at 8-33.  The fourth amended complaint also asserts a third claim against Ms. Rogers and Sergeant Gutierrez for retaliating against plaintiff for filing the lawsuit.  *Id*. at 33-41.  Plaintiff's complaint asserts that Ms. Rogers "denied [him] the most effective pain medication" in retaliation for the lawsuit.  *Id*. at 24.  However, plaintiff's motion is based on new assertions of retaliation by Mr. Bourjaily, including the denial of different medications, which are not mentioned in his fourth amended complaint.  *See generally* Docket No. 128; Docket No. 122.  Furthermore, the fourth amended complaint contains no allegations that persons employed by Correctional Health Partners, other than Ms. Rogers or Mr. Bourjaily, have denied him pain medications.  *See generally* Docket No. 122.  Mr. Bourjaily is not a named defendant in the fourth amended complaint.  *See generally id.*  Plaintiff is therefore seeking injunctive relief (a) against a person who has not been served with the fourth amended complaint (b) based on alleged activity that is not the basis of any claim in the fourth amended complaint.  As a result, plaintiff has failed to "establish a relationship between the injury claimed in the party's motion and

the conduct asserted in the complaint." *Little*, 607 F.3d at 1251 (internal quotations omitted).[2]

It is therefore

**ORDERED** that Plaintiff's Motion for Request of Preliminary Injunction [Docket No. 128] is **DENIED**.

DATED January 6, 2023.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

---

[2] Plaintiff does not request a hearing in his motion. *See generally* Docket No. 128. The Court concludes that it can appropriately resolve the present motion without a hearing. *See Sgaggio v. Weiser,* No. 22-cv-01791-PAB, 2022 WL 3700723, at *4 n.2 (D. Colo. Aug. 26, 2022) (denying preliminary injunction motion without a hearing); *Zeller v. Ventures Tr. 2013-I-NH*, No. 15-cv-01077-PAB-NYW, 2015 WL 4720313, at *5 n.2 (D. Colo. Aug. 10, 2015) (denying preliminary injunction motion without a hearing) (citing *Prosper, Inc. v. Innovative Software Techs*, 188 F. App'x 703, 706 (10th Cir. 2006) (unpublished) (holding that district court did not abuse its discretion in failing to hold a hearing on motion for preliminary injunction); *Reynolds & Reynolds Co. v. Eaves*, 1998 WL 339465, at *3 (10th Cir. June 10, 1998) (table decision) (rejecting argument that court was required to hold evidentiary hearing on motion for preliminary injunction)); *see also* D.C.COLO.LCivR 7.1(h); Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").